PER CURIAM.
This is an appeal by Central Louisiana Electric Company, Inc. from a decision by the Louisiana Public Service Commission pursuant to a remand ordered by this Court. See Central Louisiana Electric Company, Inc. v. Louisiana Public Service Commission, 373 So.2d 123 (La.1979) (rehearing denied, opinion and decree amended, August 2, 1979). The Commission held hearings pursuant to the remand in order to comply with the instructions of this Court to (1) establish the fair rate of return to Louisiana Intrastate Gas Corporation, a wholly owned subsidiary of CLECO, as a predicate for any adjustment of the return earned by CLECO to offset excessive revenues relating to transactions between these affiliated corporations, and (2) take additional evidence relating to the proper method of computing the necessary amount of working capital of CLECO. LIG filed an intervention in the proceedings before the Commission, presented evidence, and has joined CLECO in the appeal of the decision to this Court.
After hearing evidence presented by the parties and the testimony of its own expert witness, the Commission found that the fair *393 rate of return on equity of LIG was 16%, which is 30% higher than the fair rate of return on equity allowed CLECO. Additionally, the Commission reaffirmed its previous position on working capital on the basis of the evidence presented by expert witnesses. After implementing the 16% rate of return on equity for LIG, the Commission found that the earnings of CLECO in the test year still exceeded the fair rate of return for CLECO and LIG by $816,000. Accordingly, the Commission found that no increase in the rates of CLECO was justified on the record.
Having considered the briefs of the parties, the record on the case on remand, and the reasons of the Commission, we conclude that there is warrant in the record and a rational basis in law for the regulatory action. Instead of pointing out unreasonable action. in the agency’s determination of LIG’s fair rate of return on equity, which included by construction or implication a determination of its fair rate of return, the utility and its subsidiary seek to reopen issues which were decided finally in our original opinion and were not part of the case on remand. Rather than indicating arbitrariness, the evidence now reflects that the Commission’s adjustments to the lead-lag study, in computing working capital were reasonably designed to limit its consideration to revenues and expenses related to the test year.
The briefs filed in this Court by CLECO and LIG fail to demonstrate that the Commission acted arbitrarily, capriciously, or in abuse of its authority.
For the reasons assigned, the order of the Commission is affirmed.
AFFIRMED.
SUMMERS, C. J., dissents.
WATSON, J., does not participate.